**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERIC ARRINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-9383** |
| **SEAONUS STEVEDORING - NEW ORLEANS, LLC** | **SECTION "B"(5)** |

## ORDER

Before the Court is Plaintiff Eric Arrington's ("Plaintiff") "Motion to Remand" (Rec. Doc. 7) and Defendant Seaonus Stevedoring – New Orleans' ("Defendant") "Opposition to Motion to Remand" (Rec. Doc. 9). For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion is **GRANTED in part** and **DENIED in part** and the action is **REMANDED** to Civil District Court for the Parish of Orleans, Louisiana.

Plaintiff requests this Court remand this case to Civil District Court on the basis that it was improperly removed pursuant to 28 U.S.C. §§ 1333 and 1441. Plaintiff also seeks to recover fees and costs associated with the removal. Rec. Doc. 7.

Defendant submits that the case was properly removed as a result of the 2011 amendment to § 1441(b). Alternatively, Defendant requests this Court deny Plaintiff's request for an award of attorney's fees in light of this issue being a "hotly" contested issue of law. Rec. Doc. 9.

**Procedural and Factual Background**

Plaintiff alleges an incident on January 3, 2017, while he was employed as a maritime worker aboard a vessel owned and/or operated by Defendant. Specifically, Plaintiff alleges that while he was assisting to move stacks of plywood aboard the vessel, one of Defendant's crane

operators dropped a load of materials directly on top of him. Rec. Doc. 1-1. Plaintiff assets that he sustained severe injuries as a result of the above incident. *Id*. He originally filed this action in the Civil District Court for the Parish of Orleans in August 2017. Rec. Doc. 1-1. Shortly thereafter, Defendant removed this case citing this Court's original jurisdiction under 28 U.S.C. § 1333 and removal pursuant to 28 U.S.C. § 1446(a). Rec. Doc. 1.

**Law and Analysis**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citing 28 U.S.C. § 1441(a)).

> **(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may** be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a)(emphasis added). The burden of establishing subject matter jurisdiction in federal court rests with the party seeking to invoke it. *Jefferson Par. v. Anadarko E&P Onshore LLC*, No. CV 13-6701, 2015 WL 13534014, at *2 (E.D. La. Mar. 11, 2015).

Remand

The present issue before us deals with the removability of an admiralty and maritime action, filed in state court, absent any other independent jurisdictional basis for removal to federal court. Prior to the 2011 Congressional amendment to 28 U.S.C. § 1441, it was well-

settled law that maritime claims were not removable under § 1441(b), absent diversity jurisdiction or a separate federal question. *See e.g.*, *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) (Concluding that admiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship.); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.,* 87 F.3d 150, 153 (5th Cir. 1996)("It is well-established that maritime claims do not "aris[e] under the Constitution, treaties or laws of the United States" for purposes of federal question and removal jurisdiction. Tennessee Gas's maritime claim is not removable under the first sentence of 28 U.S.C. § 1441(b) by falling within the admiralty jurisdiction of the federal courts.").

Post the 2011 amendment, however, there is disagreement among district courts in the Fifth Circuit regarding whether general maritime claims are removable. *Riverside Const. Co. v. Entergy Mississippi, Inc.,* 626 F. App'x 443, 447 (5th Cir. 2015), *as revised* (Oct. 16, 2015). This Court has previously concluded that claims originally filed in state court are not, and were not made, removable by the recent amendments to the removal statute because there is no independent basis for removal. *Jefferson Par. v. Anadarko E&P Onshore LLC*, No. CV 13-6701, 2015 WL 13534014, at *6 (E.D. La. Mar. 11, 2015). In comport with our prior decision on this issue, as well as every other judge in this district, we conclude that maritime law does not provide an independent basis for exercising removal jurisdiction over the claims asserted by the Plaintiff here. *See generally*, *Id*. (Lemelle J.);

3

*Yavorsky v. Felice Navig., Inc.*, No. 14-2007, 2014 WL 581699 (E.D. La. Nov. 7, 2014)(Lemmon J.); *Riley v. LLOG Explor. Co.*, No. 14-437, 2014 WL 4345002 (E.D. La. Aug. 28, 2014)(Milazzo, J.); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, No. 14-934, 2014 WL 3796150 (E.D. La. July 29, 2014)(Berrigan, J.)).

Fees and Costs

Plaintiff additionally asserts that it should be awarded all just costs, expenses, and attorney fees in accordance with 28 U.S.C. § 1447(c). (Rec. Doc. 7-1 at 3). Defendant opposes this assessment as this is a "hotly contested" and "unresolved" issue, making their removal "objectively reasonable."(Rec. Doc. 9 at 3). An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "There is no presumption in favor of awarding fees following a remand, and the use of the term 'may' in Section 1447(c) leaves the district court with discretion, with no heavy congressional thumb on either side of the scales." *Glovier v. Barton Homes, LLC*, 452 F. Supp. 2d 657, 661 (W.D. La. 2006) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). District courts should generally adhere to the rule that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin*, 546 U.S. at 141). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (quoting *Martin*, 546 U.S. at 141).

This Court finds that fees should be denied because Defendant had an objectively reasonable basis for seeking removal. "The mere fact that a district court ultimately concludes that removal was improper is not a sufficient ground for awarding attorneys' fees." *Riverside Const. Co. v. Entergy Mississippi, Inc.*, 626 F. App'x 443, 445 (5th Cir. 2015), *as revised* (Oct. 16, 2015). As such, Plaintiff's Motion is **DENIED in part,** to the extent that it seeks the assessment of attorney fees, expenses, and costs against Defendant.

New Orleans, Louisiana, this 23rd day of October, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE